IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JACKIE ABERNATHY        )
                                   )    No. 1-11-0050
v.                         )
                                   )
MARSHALL COUNTY BOARD OF  )
EDUCATION               )

MEMORANDUM

The defendant filed a motion to dismiss the plaintiff's claim under the Tennessee Human Rights Act ("THRA") and punitive damages claim (Docket Entry No. 6), to which the plaintiff responded in opposition to the extent that the defendant sought to dismiss the THRA claim (Docket Entry No. 13).

As addressed at September 7, 2011, initial case management conference, the plaintiff's motion to dismiss (Docket Entry No. 6) was granted in part and denied in part. Specifically, the motion was granted to the extent that the defendant sought to dismiss the plaintiff's claim for punitive damages and denied to the extent that the defendant sought to dismiss her THRA claim.

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all well-pled allegations contained in the complaint. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007); Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group, 463 F.3d 478, 487 (6th Cir. 2006). See also Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Performance Contracting, Inc., v. Seaboard Sur. Co., 163 F.3d 366, 369 (6th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for her entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929

(2007) (abrogating <u>Conley v. Gibson,</u> 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). <u>See also</u> <u>Ashcroft v. Iqbal,</u> 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); <u>Bovee v. Coopers &</u> <u>Lybrand, C.P.A.,</u> 272 F.3d 356, 361 (6th Cir. 2001). <u>See also Fritz v. Charter Township of</u> <u>Comstock,</u> 592 F.3d 718, 722 (6th Cir. 2010).

Thus the factual allegations in a complaint must be enough to show a plausible right to relief "above the speculative level." <u>Twombly,</u> 550 U.S. at 555. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. <u>Iqbal,</u> 129 S.Ct. at 1949; <u>Twombly,</u> 550 U.S. at 555; <u>Scheid v. Fanny</u> <u>Farmer Candy Shops, Inc.,</u> 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. <u>See JPMorgan Chase Bank, N.A. v. Winget,</u> 510 F.3d 577, 581-82 (6th Cir. 2007); <u>Gregory v. Shelby Cnty.,</u> 220 F.3d 433, 446 (6th Cir. 2000). Pleading facts that are "'merely consistent with' a defendant's liability" or facts that do not "permit the court to infer more than the mere possibility of misconduct" is not sufficient. <u>Iqbal,</u> 129 S.Ct. at 1949-50 (citing <u>Twombly,</u> 550 U.S. at 557). The factual allegations, taken to be true, "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show <u>entitlement</u> to relief." <u>Lambert v. Hartmann,</u> 517 F.3d 433, 439 (6th Cir. 2008), <u>cert. denied,</u> _ U.S. _, 129 S.Ct. 905, 173 L.Ed.2d 158 (2009) (emphasis in original), quoting <u>League of United Latin</u> <u>Am. Citizens,</u> 500 F.2d at 528, quoting <u>Twombly,</u> 550 U.S. at 555.

The plaintiff did not respond in opposition to the portion of the defendant's motion seeking dismissal of her claim for punitive damages and plaintiff's counsel confirmed at the initial case management conference that she did not oppose that portion of the defendant's motion. Therefore, the plaintiff's claim for punitive damages will be dismissed.

The contested issue in this case is whether the plaintiff's cause of action accrued on May 17, 2010, when the defendant passed a budget and adopted a reorganization chart abolishing the plaintiff's position or whether the date of the alleged discriminatory act was June 30, 2010, the

effective date of the elimination of her position and her termination from employment with the defendant. If the date is May 17, 2010, rather than June 30, 2010, the plaintiff's THRA claim is barred by the one year statute of limitations since this lawsuit was not filed until June 29, 2010.

The Court finds that this case is not entirely on all fours with the case of Weber v. Moses, 938 S.W.2d 387 (Tenn. 1996), in which the plaintiff received oral notice no later than August 5, 1992, of the termination of his contract to be effective August 31, 1992. The Tennessee Supreme Court rejected the plaintiff's contention that the state of limitations began to run on September 1, 1992, when he received written notice, as required under the contract. The Court held that a "discriminatory termination ceases and is complete, when the plaintiff is given unequivocal notice of the employer's termination decision, even if employment does not cease until a designated date in the future." 938 S.W.2d at 391-92. Thus, the plaintiff's claims under the THRA were barred by the one year statute of limitations since he did not file suit until August 31, 1993, over one year from the alleged discriminatory act that occurred no later than August 5, 1992. Similarly, in Delaware State Coll. v. Ricks, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), also cited by the defendant and relied on by the Court in Weber, the plaintiff was notified on June 26, 1974, that he was denied tenure, although he was provided a one year "terminal" contract and he continued to work, pursuant to that contract, until June 30, 1975. The Supreme Court held that the date for the purposes of the statute of limitations was the date his tenure was denied, not the last day of his employment under the "terminal" contract.

The defendant in this case argues that the defendant's approval in May of 2010, of the reorganization chart, reflecting the elimination of the plaintiff's position, is the date the statute of limitations begins to run. Therefore, according to the defendant, the plaintiff's THRA claim is barred since this lawsuit was not filed until June 29, 2011. However, although the plaintiff alleges in her complaint that she was informed that her position had been abolished at the time of the defendant's adoption of the reorganization chart, she does not allege that she was unequivocally provided notice of the termination of her employment at that time.

3

Therefore, as addressed during the September 7, 2011, initial case management conference, the Court declined to dismiss the plaintiff's THRA claims, based on the allegations in the complaint, at this stage in the case to allow further discovery on what the Director of Schools communicated to her immediately prior to and/or after the adoption of the reorganization chart, and, ultimately, the date upon which the plaintiff was effectively terminated from her employment with the defendant.[1] Essentially, the plaintiff has alleged a plausible claim for relief under the THRA. While the defendant may ultimately prevail on this issue, the Court found that such determination should be made after the parties have had sufficient opportunity to conduct discovery on those issues.

An appropriate order will enter.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[1] See Williams v. General Elec. Co., 269 F.Supp.2d 958, 964 (S.D. Ohio 2003), in which the Court found that the statute of limitations did not commence when the plaintiff was notified that his position was eliminated and he was advised that he would be laid off two months later if the defendant could not find another place for him. Instead, the Court found that the time for him to file an EEOC charge began when he was actually laid off.